### Commonwealth v. Allen.

*Prohibition—Manufacturing liquors—Reasonable doubt—Arrest of judgment—New trial.*

1. Upon a trial for manufacturing intoxicating liquors, it was conceded that the proprietor of the premises had been operating a "still" and left the place shortly before the officers who arrested the defendants arrived, and that the defendants were found hiding in another part of the house. One of the defendants testified he had entered the premises just before the officers to purchase a bottle of liquor, and the other one testified he had been employed to clean the cellar during the day and was waiting for his wages. Both defendants testified that they hid because of fear of the officers. Both were convicted. It was conceded that there was no manufacturing apparatus in the cellar, and one of the officers had seen one of the defendants cleaning the cellar earlier in the day: *Held*, that there was a reasonable doubt as to the guilt of the defendants, and that a new trial should be granted.

2. Sufficiency of the evidence cannot be considered upon a motion in arrest of judgment.

Motion by defendant for a new trial and in arrest of judgment. Q. S. Delaware Co., June Sess., 1922, No. 188.

*J. De Haven White*, for motions.

*W. I. B. McClenachan*, Assistant District Attorney, contra.

Reno, P. J., 31st judicial district, specially presiding, Feb. 13, 1925.—The defendants were indicted by separate counts for selling, furnishing, transporting, possessing and manufacturing intoxicating liquors. The jury was instructed that, as to all counts, save that of manufacturing, its verdict must be not guilty. The defendants were found guilty of manufacturing. The motions in arrest of judgment and for new trial raise the question of the sufficiency of the evidence.

The evidence disclosed that the premises of one Benjamin Weis were raided. Weis was absent and has never been apprehended. When the officers arrived a "still" was in operation in one part of the house and defendants were found hiding in another part. They denied that they had anything to do with the manufacturing of the liquor. One said he had entered the premises shortly before to purchase a bottle of liquor, and before he could be served, the officers arrived. The other said he had been employed in cleaning the cellar, in which there was no liquor manufacturing apparatus, during the day and was waiting for his wages when the officers arrived. In this he was corroborated by an officer who had been upon the premises earlier during the day. Both hid themselves when the officers arrived because they were scared by the large number of officers. The proprietor of the plant, and concededly the real operator of the plant, had left the place shortly before the officers came, leaving the "still" in operation in the haste of departure.

Upon a review of the testimony, we see clearly that the evidence did not show participation by defendants in the process of manufacturing liquors. Their presence upon the premises while the plant was in operation was the sole ground upon which the Commonwealth pressed for conviction. But in view of their plausible explanations of their presence there, we entertain reasonable doubt of their guilt. The fact that they hid themselves upon the arrival of the raiding party is readily understood; even an innocent man would endeavor to avoid apprehension, particularly if scared by a show of force manifested by a large unit of officers.

Entertaining reasonable doubt of the defendants' guilt, we think they should be discharged from their recognizance. But since the decision in Com. *v.* Cover, 281 Pa. 429, we doubt whether this is the correct procedure. Hence,

we shall enter an order for a new trial. But, doubtless, if the Commonwealth cannot procure additional evidence to sustain the indictment, the district attorney will enter a *nol. pros.* The motion in arrest of judgment must be dismissed. The sufficiency of the evidence cannot be considered upon that motion: Sadler on Criminal Procedure, 442.

Now, Feb. 13, 1925, the motion in arrest of judgment is discharged; the motion for a new trial is granted and a new trial is ordered.

From A. B. Geary, Chester, Pa.